UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ELLEN PAGE,**

        **Plaintiff,**

    v.

**MICHAEL JUHOLA,**

        **Defendant.**

**Case No. 2:17-cv-644**
**Judge George C. Smith**
**Magistrate Judge Jolson**

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff Ellen Page, an Ohio resident who is proceeding without the assistance of counsel, brings this action against Michael Juhola. This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C . § 1915(a). Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims as frivolous.

### I. LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014), (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). This occurs when "indisputably meritless" legal

theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Id.* (citing Neitzke, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.   DISCUSSION

Plaintiff's one-page Complaint contains rambling and incoherent statements. (*See generally* Doc. 1-2). Although portions are slightly illegible, the Court deciphered the Complaint, in its entirety, as follows:

> Michael got his history for the medical opinion; he says he has; from collusion. This is the basis for the NONCOMPLIANT charge.
>
> Marian Reis was chief cousin and chief friend and chief confidant of mom. When something was out-of-order for mom; Marian was chief deputy clerk for probate judge of Tuscarawas County. Marian would personally frame me for behavior for psychiatric assessment and medication. Those charges went all the way through the growth period and were too early in life for respectable diagnosing.
>
> When mom's POA wanted to back out; she hired Michael to set up his own hearing, and magistrate, and attorneys and testimony for incompetence change to place himself as guardian.

> None of his care conferences nor hearings were even legal. Michael never cared for anything for the Guardianee. He only ever approved to steal all the monies. It left me bankrupt.

(*Id.* at 3). Plaintiff seeks relief in the form of the Court "secur[ing] all of the Defendant's money for the Plaintiff." (*Id.* at 4).

Plaintiff's Complaint provides no factual content or context from which the Court could reasonably infer that Defendant violated Plaintiff's rights. *See Vehr v. Ohio Dep't of Parks Recreation Wildlife*, No. 2:13-CV-836, 2013 WL 4679073, at *2 (S.D. Ohio Aug. 30, 2013). Instead, these allegations rise to the level of being "clearly irrational." *See Flores*, 2014 WL 358460, at *3. Because Plaintiff's allegations set forth no legal theory and are premised on irrational allegations, the undersigned finds Plaintiff has failed to state a plausible claim for relief. Consequently, it is recommended that this action be dismissed as frivolous.

## III. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen and for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint as frivolous.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: August 4, 2017                    /s/Kimberly A. Jolson
                                        KIMBERLY A. JOLSON
                                        UNITED STATES MAGISTRATE JUDGE